UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| KERMIT M. HILTON,<br><br>                                  Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                                  Respondent. | Criminal Action No. 3:08-CR-135<br>Civil Action No. 3:09-CV-331 |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on the Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. No. 29.) The Government moves the Court to dismiss the Petition in its entirety. For the reasons stated below, the Court GRANTS the Government's Motion and DISMISSES the Petition without an evidentiary hearing with respect to five of Petitioner's claims and DENIES the Government's Motion and GRANTS Petitioner an evidentiary hearing on the issue of whether he instructed his attorney to file an appeal of the judgment against him.

**I.    FACTUAL AND PROCEDURAL HISTORY**

A police officer in Emporia, Virginia, arrested Petitioner Kermit Hilton on March 7, 2008, after Petitioner attempted to elude officers during a traffic stop. When officers attempted to conduct the traffic stop for a speeding violation, Petitioner accelerated to more than 110 miles per hour. Petitioner's vehicle made several U-turns during the police pursuit. Eventually other police departments joined in the pursuit, which continued for more than eight miles. Petitioner ultimately reached 130 miles per hour. At one point, Petitioner drove into oncoming traffic. Police had to use a PIT maneuver to stop

Petitioner's vehicle. Police searched Petitioner's vehicle incident to his arrest and recovered 416 grams of cocaine hydrochloride and $ 16,538.00 in United States currency. In a post-Miranda interview, Petitioner admitted the cocaine hydrochloride and money belonged to him.

A federal grand jury returned a one-count Indictment on March 17, 2008, charging Petitioner with possession with intent to distribute cocaine hydrochloride. Petitioner pled guilty April 25, 2008. This Court sentenced him on July 30, 2008, to eighty months imprisonment.

## II.  LEGAL STANDARD

Title 28 of the United States Code, section 2255, provides a prisoner sentenced by a federal court with a procedural vehicle to challenge the constitutional and jurisdictional validity of his sentence. A prisoner in federal custody may attack his sentence on grounds that: (1) the sentence violates the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail under § 2255, the movant must show by a preponderance of the evidence that he is entitled to relief. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

The Sixth Amendment establishes a person charged with a crime is entitled to effective representation, Strickland v. Washington, 466 U.S. 668, 686 (1984), at every "critical stage" of the proceedings against him, Kirby v. Illinois, 406 U.S. 682, 690 (1972). In considering a defendant's claim that his Sixth Amendment rights were violated due to ineffective assistance of counsel, "[a] court must indulge a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. See also United States v. Dyess, 478 F.3d 224, 238 (4th Cir. 2007) (stating attorneys are presumed to have "rendered objectively effective performance").

A petitioner who alleges ineffective assistance of counsel as grounds for his § 2255 Petition must prove (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. To satisfy the first prong of the test, the petitioner "'must show that counsel's representation fell below an objective standard of reasonableness' measured by 'prevailing professional norms.'" Lewis v. Wheeler, 609 F.3d 291, 301 (4th Cir. 2010) (quoting Strickland, 466 U.S. at 688). To satisfy the prejudice requirement, the petitioner must show that counsel's errors were serious enough to deprive the petitioner of a fair trial. Strickland, 466 U.S. at 687. In other words, the petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If it is clear the petitioner has not satisfied one prong, a court need not inquire into whether he satisfied the other. Id. at 697.

A petitioner who alleges ineffective assistance of counsel following entry of a guilty plea must meet a higher burden. See Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). When a petitioner challenges a conviction after a guilty plea, the "prejudice prong of the [Strickland] test is slightly modified. Such a defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to

trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988) (internal quotation marks and citation omitted).

### III. DISCUSSION

#### a. Petitioner was Adequately Informed About Waiver Provision

Petitioner first contends neither his trial counsel nor the Court adequately informed him that, by signing the plea agreement, he waived the right to appeal his sentence. Petitioner maintains he did not fully understand the consequences of the plea he entered. He states he would not have signed the agreement without modifying it to exclude the waivers if he knew the ramifications of waiving his right to appeal.

The Government states Petitioner understood he had a right to appeal his sentence prior to signing the plea agreement and knowingly waived the right to appeal his conviction and any sentence within the statutory maximum. The Government states the Magistrate Judge informed Petitioner he could withdraw his guilty plea any time before it was accepted, but not after. The Magistrate Judge specifically informed Petitioner that he could not withdraw his plea after it was accepted if he no longer liked the terms of the agreement or because he was facing a more severe sentence than he thought he would. Moreover, the Magistrate Judge reviewed specific paragraphs of the plea agreement with Petitioner, including the paragraph stating Petitioner waived the right to appeal his conviction and any sentence within the statutory maximum. Petitioner said he understood he could not appeal any sentence within the statutory maximum. The Report and Recommendation of the Magistrate Judge submitted to this Court states Petitioner understood he waived "[a]ny right to appeal whatever sentence is imposed by pleading guilty, even if the sentence is erroneous, as long as said sentence does not exceed the total

4

statutory penalties provided[.]" Report and Recommendation of the Magistrate Judge ¶ 6, Apr. 25, 2008, (ECF No. 20). Because Petitioner knowingly and voluntarily waived his right to appeal and was sentenced to eighty months, a sentence well below the statutory maximum twenty years for his offense, the Government believes Petitioner's claim must fail.

Petitioner signed a plea agreement which states "[t]he defendant knowingly waives the right to appeal this conviction and any sentence within the statutory maximum . . . on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement." Plea Agreement ¶ 6, Apr. 25, 2008 (ECF No. 18). Petitioner affirmed in the plea agreement, right above his signature, that he carefully reviewed every part of the plea agreement with his attorney, understood the agreement, and voluntarily entered into the agreement. Id. at p. 9. The Report and Recommendation of the Magistrate Judge states all provisions of the written plea agreement were reviewed with Petitioner during proceedings before the Magistrate Judge and Petitioner knew he was waiving the right to appeal any sentence within the statutory maximum. Report and Recommendation of the Magistrate Judge ¶ 6-7. Moreover, the Report and Recommendation indicates Petitioner knowingly and voluntarily entered a guilty plea "with full knowledge of the consequences and with an independent basis in fact to support said plea." Id. at ¶ 9.

An appeal waiver is not knowing or voluntary if the court "'fails to specifically question the defendant concerning the waiver provision of the plea agreement during the Rule 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver.'" United States v. Johnson, 410 F.3d 137, 151 (4th Cir.

2005) (quoting United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992)). The record before the Court is, however, ripe with evidence that Petitioner understood the significance of the appeal waiver. "Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." Fields, 956 F.2d at 1299. The Magistrate Judge addressed the appeal waiver during the plea colloquy. Petitioner verbally indicated he understood. Moreover, Petitioner signed the plea document, affirming he understood all of its provisions. Thus, there is no evidence before the Court that permits a finding that Petitioner's counsel erred by not informing him of the full range of consequences of pleading guilty. Nor is there any evidence suggesting Petitioner would have plead not guilty and proceeded to trial had his understanding of the appeal waiver been different. Accordingly, Petitioner's claim of ineffective assistance on this ground must fail.

> b. <u>Petitioner Entitled to Evidentiary Hearing Regarding Notice of Appeal</u>

Petitioner contends trial counsel rendered ineffective assistance when he refused to file a notice of appeal on Petitioner's behalf. Petitioner maintains he repeatedly called counsel seeking to have a notice of appeal filed on his behalf, but counsel ignored his requests. Petitioner states he called his father within ten days of sentencing and told his father to tell counsel to contact Petitioner regarding an appeal. Petitioner states he also left a message with counsel's secretary regarding the filing of a notice of appeal. Petitioner asserts the issue of whether he contacted counsel regarding a notice of appeal is a factual issue that must be resolved by the Court. Accordingly, Petitioner requests an evidentiary hearing.

The Government argues Petitioner did not request a notice of appeal. The Government submitted an Affidavit from Jay R. Peluso, counsel for Petitioner, stating Petitioner was fully aware that he waived his right to appeal and, to counsel's recollection, Petitioner never asked him to file a notice of appeal. The Government states Petitioner sent numerous letters to counsel, but never put his request for a notice of appeal in writing. Because there is no evidence that Petitioner ever asked counsel to file a notice of appeal, the Government believes Petitioner's claim of ineffective assistance based on counsel's failure to file a notice of appeal must fail.

"[C]ounsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). Importantly, "[a] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Id. at 477.

Petitioner knowingly and voluntarily waived his right to appeal. Courts will enforce a valid waiver if "[t]he waiver is knowing and intelligent and the issue sought to be appealed falls within the scope of the appeal waiver." United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). It should be noted, however, that a valid waiver does not waive the right to appeal certain issues, such as a sentence that exceeds the statutory maximum or a sentence based on an impermissible factor such as race. See United States v. Zuspan, No. 10-4404, 2011 U.S. App. LEXIS 4575, at *2 (4th Cir. Mar. 7, 2011). Thus, an attorney whose client waived the right to appeal still "has the duty to respect the appellate wishes of

his client by filing a timely notice of appeal if he is unequivocally instructed to do so." Poindexter, 492 F.3d at 271 (citing Flores-Ortega, 528 U.S. at 476). Further, "even if his client does not express (or clearly express) a desire to appeal, the attorney may be required to file a timely notice of appeal after appropriate consultation with [the] client." Id. (citing Flores-Ortega, 528 U.S. at 478). Given this standard, it appears Petitioner may have a valid claim for ineffective assistance based upon counsel's failure to file a notice of appeal.

Counsel "renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a timely notice of appeal even though the defendant may have waived his right to challenge his conviction and sentence in the plea agreement." Id. at 265. Petitioner asserts he attempted to contact his attorney regarding a notice of appeal on several different occasions. Counsel, on the other hand, asserts he never heard from Petitioner regarding an appeal. The Court notes counsel never states he consulted with Petitioner regarding a potential appeal. See Gov't Ex. 1.

The record before the Court does not definitively indicate whether Petitioner requested that counsel file a notice of appeal. Accordingly, the Court will hold an evidentiary hearing to resolve the issue. If the evidentiary hearing reveals Petitioner did, in fact, request counsel to file an appeal and counsel failed to do so, Petitioner is entitled to a direct appeal. Poindexter, 492 F.3d at 273. The Court recognizes Petitioner is unlikely to be successful if permitted to appeal: "[m]ost successful § 2255 movants in the appeal waiver situation obtain little more than an opportunity to lose at a later date." Id. See also Campusano v. United States, 442 F.3d 770, 777 (2d Cir. 2006) ("[t]here will not be many cases in which a defendant whose attorney fails to file a notice of appeal after a plea agreement and a waiver of appeal, and whose hypothetical appeal seems meritless during

8

ineffective-assistance habeas review, eventually prevails."). Nevertheless, if Petitioner requested a notice of appeal and counsel neglected to file one, Petitioner must be allowed to file an untimely appeal. Because the Court is unable to resolve the issue without an evidentiary hearing, the Government's Motion to Dismiss will be DENIED with respect to this claim.

      c.    <u>Counsel's Encouraging Petitioner to Cooperate and Plead Guilty Does Not Constitute Ineffective Assistance of Counsel</u>

Petitioner states counsel told him he would "plead him out" for $ 7,500, but going to trial would cost $ 15,000. Petitioner contends counsel's representation began to deteriorate after he told counsel he could not afford to pay in accordance with the parties' agreement. Petitioner states counsel told him he should cooperate with authorities instead of proceeding to trial. After this conversation, Petitioner states his attorney performed rudimentary discovery, obtained little helpful information regarding Petitioner's situation, and continued to promote Petitioner's cooperation above all else. As a result, Petitioner believes counsel did not obtain the best possible plea deal.

Petitioner states counsel visited him at the Northern Neck Regional Jail, told him "this is the best that it's going to get unless you cooperate," and gave Petitioner the plea agreement. Petitioner maintains he did not have any input regarding the plea agreement.

The Government states Petitioner knowingly and voluntarily decided to plead guilty because it was in his best interest and because he actually was guilty. Petitioner's wife called counsel April 15, 2008, to inform counsel that Petitioner desired to plead guilty. <u>See</u> Gov't Ex. 1, ¶ 3. Petitioner followed up with a letter to counsel dated April 15, 2008, in which Petitioner thanked counsel for his dedication to the case and said he felt it was in his

best interest to consider a plea deal. See Letters Attached to Petition Under § 2255. Counsel subsequently visited Petitioner at the Northern Neck Regional Jail, provided Petitioner with copies of the plea agreement and statement of facts, reviewed the documents with Petitioner, and answered Petitioner's questions. See Gov't Ex. 1, ¶ 4.

The evidence Petitioner submitted with his Petition belies the notion that he was unhappy with counsel's representation. Petitioner submitted three letters to the Court in which he thanks counsel for his "hard work," "dedication," and "diligence." Moreover, Petitioner admits in his submissions to this Court that his plea was entered knowingly and voluntarily, though he states it was not entered intelligently. Petitioner has not met either the performance or prejudice requirements for showing ineffective assistance. He has offered no evidence and no argument that his lawyer erred in encouraging him to plead guilty. To the contrary, Petitioner admits it was in his best interest to plead guilty. Further, Petitioner has not satisfied the burden upon him to show that, but for his lawyer's errors, he would have pleaded guilty and insisted on going to trial. See Fields, 956 F.2d at 1297. Consequently, Petitioner's claim based on his lawyer's encouraging him to plead guilty must fail.

    d. <u>Counsel's Failure to Object to Drug Weight Does Not Constitute Ineffective Assistance of Counsel</u>

Petitioner argues counsel did not conduct a reasonable investigation into matters related to the drug weight for which he was held accountable. Petitioner states several different documents listed different drug weights. The statement of facts indicates Petitioner possessed 416 grams of cocaine. Petitioner states various other documents stated he possessed 425 or 481 grams of cocaine. Thus, Petitioner believes the actual

amount of cocaine he possessed is unclear. He maintains effective counsel would have challenged these documents to determine the proper amount of cocaine attributable to him.

Petitioner further states the $ 16,538.00 found on his person was not entirely the proceeds of drug sales. He argues his lawyer never told him he would be held accountable for a larger drug weight after the seized cash was converted to drug weight. Petitioner believes effective counsel would have argued not all of the cash was drug money, thereby limiting the penalties that could be imposed against him. Petitioner states his attorney told him the Government would never believe the money was not drug money and continued to encourage Petitioner to cooperate. Petitioner believes he would have received a one-point reduction in his base offense level had counsel attempted to prove he obtained some of the cash through legitimate means.

The Government states Petitioner admitted he possessed and intended to distribute the cocaine hydrochloride recovered in this case. See Statement of Facts ¶ 4. Petitioner further admitted the currency recovered belonged to him and was the proceeds of drug trafficking. Id. At the time of Petitioner's arrest, one could purchase 28.35 grams, or one ounce, of cocaine hydrochloride for $ 800 to $ 1,300. Consequently, in addition to the 416 grams of cocaine hydrochloride seized at the time of his arrest, Petitioner was held responsible for 360 grams of cocaine hydrochloride, which represents a cash conversion of the drug proceeds recovered. Petitioner now claims counsel should have objected to the additional 360 grams, despite the fact that Petitioner admitted the money was the proceeds of drug trafficking. Petitioner's attorney informed the Government that Petitioner expressed concern over the conversion of cash into drug weight, but had no other

explanation for the cash found on his person or in his vehicle. See Gov't Ex. 1, ¶ 7. Counsel attempted to negotiate the cash conversation with the Government, but those attempts failed.

Petitioner believes counsel should have done more to determine the exact amount of cocaine hydrochloride found on Petitioner's person. Petitioner lists several different drug weights attributed to him throughout his legal proceedings. Petitioner's counsel states in an Affidavit submitted by the Government that the various amounts were approximate weights and Petitioner never expressed concern about the accuracy of the drug weight. Petitioner agreed that he possessed with intent to distribute 416 grams of cocaine hydrochloride when he signed the statement of facts. Petitioner has not shown that counsel erred by failing to further investigate the amount of cocaine Petitioner possessed. Consequently, Petitioner has not shown ineffective assistance of counsel and cannot succeed on this claim.

Petitioner also believes counsel rendered ineffective assistance because he did not successfully argue against the cash to drug weight conversion. Petitioner, however, admits the cash seized was the proceeds of drug trafficking. See Petitioner's Reply Memorandum, p. 8. Petitioner objects to the conversion and believes his lawyer rendered ineffective assistance simply because the conversion resulted in a sentence higher than that which "he would have preferred and expected[.]" Id. It is well-settled that a petitioner cannot succeed on an ineffective assistance claim if the crux of the argument is simply that he would have received a more favorable sentence had his lawyer taken different action. Fields, 956 F.2d at 1297 ("[h]ere, [the petitioner] concedes that even with competent counsel he would not have stood trial. To the contrary, the crux of [petitioner's] case is that with effective

assistance he would have pled to a different plea bargain and received a more favorable sentence. Manifestly, therefore, [petitioner] cannot make the showing of prejudice required under Hooper and Strickland."). Consequently, Petitioner's claim that his lawyer was ineffective because he failed to argue against a cash to drug weight conversation and achieve a lesser sentence must fail.

      e. <u>Counsel's Failure to Argue for Downward Departures at Sentencing does not Constitute Ineffective Assistance of Counsel</u>

Petitioner maintains his attorney should have sought two downward departures. Petitioner argues it was inappropriate for counsel to reject Petitioner's request that counsel argue for downward departures based on Petitioner's family ties and responsibilities and charitable works. Petitioner believes counsel should have made these arguments because Petitioner asked him to do so.

Petitioner believes counsel could have argued for the family ties and responsibilities departure, pursuant to section 5H1.6 of the United States Sentencing Guidelines. Petitioner's father was a diabetic with acute kidney problems. Petitioner states his father's health declined during Petitioner's legal proceedings. After Petitioner's arrest, his father lost the ability to write and began passing out regularly. Petitioner believes the Court would have reduced his sentence had these circumstances been presented. Petitioner asserts he asked counsel about this departure, but counsel told him the only avenue for a reduced sentence was cooperation.

The Government states counsel submitted a sentencing memorandum in which he argued Petitioner should receive a sentence at the low end of the guideline range because of the character Petitioner showed throughout his life and because of his early acceptance

13

of responsibility. Counsel also included with the sentencing memorandum numerous letters from family and friends, which counsel relied on in seeking a reduced sentence at the sentencing hearing. The Government believes any argument that Petitioner was eligible for a downward departure based on his family ties and responsibilities would have failed, as the Sentencing Guidelines state family ties and responsibilities are generally irrelevant in determining whether a defendant is entitled to a downward departure. U.S.S.G. § 5H1.6. Counsel told Petitioner as much in response to Petitioner's inquiries about possible downward departures. See Gov't Ex. 1, ¶ 8.

Petitioner next contends counsel should have sought a downward departure based on charitable services, pursuant to section 5H1.11 of the United States Sentencing Guidelines. Petitioner states he was an Eagle Scout, community volunteer, a loving father, and family-conscious man, and the Court may have granted a departure because of these attributes.

The Government points out that the Sentencing Guidelines state civic, charitable, or public service; employment-related contributions; and similar prior good works are ordinarily not relevant in determining whether a downward departure is warranty. See U.S.S.G. § 5H1.11. Accordingly, counsel would have had little likelihood of success with this argument.

The Government argues Petitioner's allegations of ineffective assistance based on counsel's failure to ask for a downward departure must fail because Petitioner cannot show a reasonable probability that, but for counsel's errors, the result of his sentencing would have been different. The Government believes a sentence at the middle of the guideline range was appropriate under the circumstances, which included Petitioner's engaging

police officers in a high speed chase and possessing with intent to distribute a large quantity of cocaine.

A defendant's "family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." U.S.S.G. § 5H1.6. Similarly, a defendant's "civic, charitable, or public service; employment-related contributions; and similar prior good works are not ordinarily relevant in determining whether a departure is warranted." U.S.S.G. § 5H1.11. Consequently, any argument by counsel based on Petitioner's family responsibilities or good deeds would likely not have resulted in a downward departure. Because counsel was unlikely to succeed on such an argument, his failure to make the argument was not objectively unreasonable. Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005). Because counsel acted within the scope of reasonable conduct in not requesting downward departures based on family ties or charitable deeds, Petitioner cannot prove the performance requirement of the Strickland test. Moreover, Petitioner cannot prove prejudice because he cannot show, but for counsel's error, the outcome of his sentencing would have been different. Consequently, his claim of ineffective assistance on this ground must fail.

      f.   <u>Petitioner was Adequately Advised of the Consequences of Testifying</u>

Petitioner maintains counsel did not advise him that he would lose his Fifth Amendment protection from self-incrimination by testifying at his sentencing hearing. Petitioner states his attorney told him that, due to his prior record, the Court would "view him better" if the Court actually heard him speak. Petitioner claims he was "led like a lamb to slaughter" and "never felt comfortable" testifying. During his testimony, Petitioner was asked about a case pending against him in Delaware. Petitioner maintains counsel never

15

told him he would be questioned about events unrelated to the case pending before this Court. He believes his sentence would have been different had he not testified.

The Government argues Petitioner knew he would be subject to cross-examination if he testified at sentencing. Petitioner and his counsel discussed whether Petitioner should testify at sentencing and Counsel told Petitioner he would be subject to cross examination if he testified. See Gov't Ex. 1, ¶ 9. Petitioner and counsel decided Petitioner should testify because he needed to explain information contained in his presentence report. Id. Prior to sentencing, Petitioner and his counsel participated in a mock cross-examination. Id. Counsel's Affidavit states Petitioner was never forced to testify. Id. The Government maintains the decision to testify was clearly a strategy intended to result in sympathy and, consequently a lower sentence. The fact that the testimony did not produce the desired result does not mean Petitioner's counsel rendered ineffective assistance.

"[C]ourts considering a claim of ineffective assistance should not second-guess strategic decisions of counsel." Hoots v. Allsbrook, 785 F.2d 1214, 1219 (4th Cir. 1986). Moreover, "[t]he decision to testify is one that must be made by the criminal defendant . . . and advice from counsel about whether to testify is strategic advice that is inappropriate for after the fact second guessing." Jones v. United States, No. 2002-0077, 2008 U.S. Dist. LEXIS 24908, *14 (D. Md. Mar. 28, 2008). Petitioner ultimately made the decision to testify at his sentencing hearing. Gov't Ex. 1, ¶ 9. Part of counsel's strategy was to have Petitioner testify because Petitioner had an explanation for each offense listed in his criminal record. Counsel states under oath that he informed Petitioner about cross-examination and even engaged in a mock cross-examination with him. See id. That Petitioner's testimony did not produce the desired outcome does not mean counsel was ineffective in suggesting that

16

Petitioner testify and preparing him for both the direct and cross examinations. Accordingly, Petitioner cannot show that his counsel erred in suggesting that he testify and cannot prevail on this ineffective assistance claim.

IV. **CERTIFICATE OF APPEALABILITY**

A district court that enters a final order denying a § 2255 motion must grant or deny a certificate of appealability. Rule 11(a) of the Rules Governing Section 2255 Proceedings. A certificate of appealability should issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Specifically, the petitioner must show "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Supreme Court has held "a claim can be debatable even though every jurist of reason might agree . . . that petitioner will not prevail." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003). In recognition of this permissive standard, the Court will issue a certificate of appealability although the record in this case clearly refutes Petitioner's claims of ineffective assistance of counsel and his Petition fails to meet both prongs of the Strickland inquiry.

V. **CONCLUSION**

For the reasons stated above, the Court DISMISSES Petitioner's Petition with respect to all claims except the claim that counsel failed to file a notice of appeal after Petitioner instructed him to do so. The Court GRANTS Petitioner an evidentiary hearing on the issue of whether he instructed his attorney to appeal the judgment against him.

Let the Clerk send a copy of this Memorandum Opinion to Petitioner and all counsel of record.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Chief United States District Judge

ENTERED this __4th__ day of April 2011